**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH R. HARRIS,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>SUTTON MOTOR SALES & RV<br>CONSIGNMENTS CORPORATION,<br><br>    Defendant - Appellee. | No. 10-35136<br><br>D.C. No. CV 08-06308-HO<br><br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted November 1, 2010
Portland, Oregon

Before:    W. FLETCHER and FISHER, Circuit Judges, and BURY,
District Judge.[**]

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable David C. Bury, United States District Judge for the
District of Arizona, sitting by designation.

Plaintiff Kenneth Harris appeals a final order of the district court granting summary judgment for defendant Sutton Motor Sales & RV Consignment on claims of hostile work environment based on race under Title VII and O.R.S. § 659A.030, and state law claims for intentional and reckless infliction of emotional distress. We AFFIRM.

We review the order granting summary judgment de novo and conclude it was proper because there exists no genuine issue as to any material fact. *See Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997). The facts viewed in the light most favorable to Harris, the non-moving party, *see id.*, show that on two occasions Harris was subject to the racial epithet "nigger." On February 7, 2007, Harris' co-worker compared him to "Arnold Schwarzen*nigger*," and on or about May 18, 2007, a supervisor described his father's animus toward black people and stated, "You could be a nigger. Anybody can be a nigger, Kenny." The next day Sutton's Sales Manager told Harris that a couple of "*esses*," apparently referring to Mexicans, could do his job better. There were no other discriminatory incidents.

On March 9, 2007, after the first incident, Harris received a $1.00 per hour raise. On June 1, 2007, after the last incident, Harris was promoted to Lot Crew Supervisor and received another raise in pay, from $11.00 to $15.00 per hour. By

2

November 2007, however, Harris was informed that his performance was unsatisfactory. On January 4, 2008, Harris was demoted to his original position at $11.00 per hour, and on January 7, 2008, he was fired for insubordination.

To sustain his claim of a racially hostile work environment, Harris must show that under the totality of the circumstances the harassment was pervasive or severe enough to alter the terms, conditions or privilege of employment. *See Meritor Savings Bank v. Vinson,* 477 U.S. 57, 67 (1986).[1] Relevant factors include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

There is no triable issue as to whether the conduct in this case was frequent; it was not. Nor is this a case where a racial slur was used in conjunction with a physical threat or symbol of racial violence. Similar to *Kortan v. California Youth Authority*, 217 F.3d 1104, 1110 (9th Cir. 2000), the offensive comments were made on two occasions, or at the most three occasions, and came largely in a flurry

---

[1] We analyze the Title VII and § 659A.030 claims together because Oregon law likewise requires a totality of the circumstances inquiry into whether the conduct is sufficiently severe or pervasive to alter the conditions of employment, and Oregon courts have held federal cases instructive. *See Harris v. Pameco*, 170 Or. App. 164, 176-78 (2000).

around May 18, 2007. Harris concedes he was not subjected to further harassment, and subsequently received a promotion and substantial raise. Although the comments were certainly offensive, they are insufficient under the circumstances to demonstrate a prima facie case of hostile work environment under either Title VII or O.R.S. § 659A.030.

The district court properly granted summary judgment on the state law claims of intentional and reckless infliction of emotional distress. Harris based these claims on the defendant's termination of his employment, which he contended was in retaliation for his complaints about racial comments and safety concerns. The district court, however, found insufficient evidence that Harris' termination was in any way related to his complaints, and Harris did not appeal that determination. Even if we were to permit expansion of Harris' claims to include the racially charged comments described above, as Harris argues we should, Harris' claims fail because, although unquestionably offensive, the comments do not amount to the required "extraordinary transgression of the bounds of socially tolerable conduct." *McGanty v. Staudenraus*, 321 Or. 532, 543 (1995).

AFFIRMED

4